# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3707 | **DATE** | 6/28/2002 |
| **CASE TITLE** | Thomas Juresic vs. Cook County Medical Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This action is accordingly dismissed pursuant to 28 USC 1915(A), and this dismissal counts as one of plaintiff's three allotted dismissals under 28 USC 1915(g).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-28-02 date docketed | 5 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | 6/28/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| GL courtroom deputy's initials | | GL mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



THOMAS JURESIC (IDOC No. K82580)  )
                                   )
    Plaintiff,                     )
                                   )      No. 02 C 3707
    v.                             )
                                   )      Chief Judge Marvin E. Aspen
COOK COUNTY MEDICAL SERVICE        )
DIRECTOR, et al.,                  )
                                   )
    Defendants.                    )

MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Juresic, a prisoner in the custody of the Illinois Department of Corrections (IDOC), filed this pro se action under 42 U.S.C. § 1983 complaining that he was denied medical care, beginning during his confinement at Cook County Jail and continuing after his transfer to the custody of IDOC in May of 2000. The court grants Juresic's motion to proceed without prepayment of the filing fee and summarily dismisses the suit.[1]

Under 28 U.S.C. § 1915A, the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. The court reviews everything the plaintiff has filed with the court, *see Gutierrez v. Peters,* 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997), and takes as true all allegations of the complaint, viewing them in the light most favorable to the plaintiff. *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000).

---

[1] As Juresic filed this suit while imprisoned, he must pay the filing fee in installments. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $16.89. The trust fund officer at Juresic's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from his trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Juresic is confined shall collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall identify Juresic's name and the case number of this action.

The complaint is disorganized and appears to have been pasted together; pages are not numbered consecutively and events are recounted out of order, mingling occurrences at one institution with occurrences at another. Juresic names four defendants in his complaint, designating them as "Cook County Medical Service Director," "Medical Services (Cermak)" (Cermak Hospital is a public health facility serving inmates at the Cook County Jail), "Jonathan Kelly, Isaac Ray Admin." (The Isaac Ray Center is a private mental health center in Chicago primarily engaged in forensic psychiatry) and "Dept. of Corr. (Medical Service Dir.)." The last-named defendant appears to be the medical administrator at plaintiff's present institution, rather than the medical director of IDOC, since plaintiff states that this defendant is employed at Western Illinois Correctional Center.

None of these defendants are properly named, and probably none of the individuals or entities Juresic intended to name are proper defendants. Juresic appears to have named the defendants on the basis of their supervisory positions rather than their personal actions. But liability under § 1983 cannot be based on supervisory responsibility alone, or even negligent supervision of the person who actually violated the plaintiff's rights; the supervisor must have known about the conduct and facilitated it, condoned it, or recklessly closed his eyes to it. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Failure to name a defendant correctly, or even name the right defendant, is not necessarily fatal. Where the plaintiff is a prisoner and it appears that he has suffered a violation of his constitutional rights, the court should assist him in identifying the proper defendant or defendants, commonly by appointing counsel to investigate and conduct discovery, if necessary. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Nevertheless, because Juresic's claims cannot proceed, as explained below, it is unnecessary to identify the particular individuals involved.

Juresic's first claim is for refusing to give him "Depo-Provera," a medication he had been taking for a sexual disorder before his confinement in the Jail. Juresic alleges that he had been required to take Depo-Provera since December 1989, and his taking it was a condition of his release from Elgin Mental Health Center. Juresic provides a copy of an order entered in the Circuit Court of Will County in Case No. 83 CF 146 dated May 8, 1996, stating that Juresic's taking Depo-Provera is a condition of his release from the custody of the Illinois Department of Mental Health and Developmental Disabilities, and that the court is to be notified every 60 days that he is continuing to take it. Juresic alleges that after he was confined at the Jail he was denied Depo-Provera, despite contrary orders entered by the Circuit Court of Cook County on December 6, 1996, February 19, 1997, and April 28, 1997, directing that he receive it. Juresic alleges that denial of Depo-Provera caused him to be in violation of his conditional release from the Illinois Department of Mental Health and consequently to lose his Social Security disability payments in February of 1998.[2]

Illinois' two-year statute of limitations for personal injury claims, 735 ILCS 5/13-202, governs claims under 42 U.S.C. § 1983 arising in Illinois. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). A claim under 42 U.S.C. § 1983 accrues at the time the plaintiff knows, or reasonably should know, of his injury and its cause. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Juresic knew of the denial of Depo-Provera and the consequences of that denial in February of 1998, while this suit would be deemed filed, at the earliest, on May 18, 2002, two years beyond the limitations period.[3]

It is not quite so simple, however. The Seventh Circuit recently held that the limitations period is tolled (at least for Illinois prisoners) while a prisoner-plaintiff exhausts available

---

[2] The Illinois Supreme Court recently reversed the order revoking Juresic's conditional release and remanded for further consideration. *People v. Jurisec* [sic], 199 Ill.2d 108, 766 N.E.2d 648 (2002).

[3] Applying the "mailbox rule," see *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing. The complaint was signed May 18, 2002 and was received May 23, 2002.

3

administrative remedies, as required by 42 U.S.C. § 1997e(a). *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001). If a grievance with respect to this claim had been pending on May 18, 2000, the claim could be timely.

The complaint is unclear as to when Juresic exhausted administrative remedies with respect to this claim, but even the most favorable reading of his allegations will not save it. On the third page of the complaint form, Juresic states that "Cook County refused to give medication & denied my grievance. Don't have copy Cook County has copy May 99 Sept. 99," and checked the box indicating that the grievance process was completed. On the other hand, Juresic states on the sixth page of the complaint that he filed three grievances -- in April of 1998, September of 1998, and June of 1999 -- and received no response to any of them. (Juresic does not allege which, if any, addressed the denial of Depo-Provera; from the context, it is more likely that they related to Juresic's second claim, discussed below.)

When a prisoner receives no response to a grievance, he is deemed to have exhausted administrative remedies when the time prescribed for a response has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999); *Goodman v. Carter*, No. 2000 C 948, 2001 WL 755137 (N.D. Ill 2001) (Lindberg, J.); *Jones v. DeTella*, 12 F.Supp.2d 824, 826 (N.D.Ill. 1998)(Alesia, J.). In the cited cases the rule was invoked to protect the prisoner, holding that the state could not thwart prisoners' claims by failing to process grievances, then asserting that the prisoner had failed to exhaust administrative remedies. But the rule should also protect defendants against stale claims. Once the institution has failed to respond within the time prescribed by regulation (or, if no time is prescribed, within a reasonable time), the limitations clock should start to run.

Accepting Juresic's first account, he exhausted his administrative remedies in September of 1999. Accepting his second account, that he received no response from a grievance filed in June of 1999, the time for response would have passed well before May 18, 2000, and this claim would still be untimely. Accordingly, it is clear from the complaint that this claim is untimely,

4

and it is dismissed as frivolous. *See Walker v. Thompson*, 288 F.3d 1005, 109-10 (7th Cir. 2002).

Juresic's second claim is for failure to treat a tumor in his abdomen that he first noticed in February of 1997. At that time an unnamed doctor diagnosed it as a herniated muscle and refused to order a biopsy. The tumor grew, and in March and April of 1998 plaintiff was seen at Cermak Hospital and was examined with X-rays and ultrasound at Fantus Clinic at Cook County Hospital. The tumor was again misdiagnosed as either a herniated muscle or fatty tissue. He states that in May of 2000 the lump was finally diagnosed as a tumor and he was scheduled for surgery, but did not have the surgery before he was transferred to IDOC on May 28, 2000.[4] The tumor has still not been removed; Juresic alleges that IDOC officials have refused to order surgery because the tumor is not life-threatening.

Deliberate indifference to a prisoner's serious medical needs is a form of cruel and unusual punishment that will support a claim under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The law is clear that indifference to a prisoner's serious medical need violates the Constitution, and "serious" conditions are not limited to life-threatening ones. *Gutierrez v. Peters*, 111 F.3d 1364, 1370-71 (7th Cir. 1997).

Nevertheless, although Juresic may have a claim against officials who have refused to treat him after his transfer to IDOC, he does not have a claim based on failure to treat him at the Jail. A mistaken diagnosis, even amounting to medical malpractice, is not a constitutional violation. To be liable, a defendant must act or fail to act despite *actual knowledge* of a substantial risk of serious harm. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). According to the complaint, the lump in Juresic's tumor had been diagnosed more than once as herniated muscle,

---

[4] In his "Notice of Intention to Commence Action in the Court of Claims," Juresic states that the lump was first diagnosed as a tumor in April of 2000 rather than May. Since Juresic alleged in the complaint that the diagnosis was made in May, we will use that date, although it is not material.

5

a diagnosis other trained professionals found plausible. Juresic does not allege that herniated muscle is considered a serious condition requiring treatment.

A tumor, of course, *can* be a serious condition requiring treatment, but the lump was not diagnosed as a tumor until May of 2000, a few weeks at most before Juresic was transferred out of the Jail. Juresic alleges he was scheduled for surgery, which undermines any claim of deliberate indifference.[5] The tumor was obviously not life-threatening at the time, and Juresic does not allege it was causing him serious discomfort. Under the circumstances, the failure to perform the surgery during Juresic's remaining weeks in the Jail cannot support a constitutional claim against anyone involved with Juresic's care while he was confined at the Jail.

Juresic also attempts to sue the medical administrator of his present institution, Western Illinois Correctional Center (WICC). According to Juresic's application for leave to proceed without prepayment, he arrived at WICC from Menard Correctional Center on March 18, 2002. Because Juresic does not state what attempts, if any, he made to obtain treatment at WICC and what response he received, the complaint cannot be construed as alleging that the medical director, or anyone else at WICC, was indifferent to his medical needs.

Further, the court notes that exhaustion of administrative remedies is a prerequisite to prisoner suits concerning their conditions of confinement. 42 U.S.C. § 1997e(a). Although it appears from exhibits to the complaint that Juresic exhausted his administrative remedies with respect to a claim against officials at Shawnee Correctional Center, he does not allege that he has

---

[5] In the "Notice of Intention to Commence Action in the Court of Claims," Juresic states that "I was finally scheduled to have surgery in April of 2000. But the hospital staff didn't contact the correct people as instructed. And I missed my surgery."

done so with respect to a claim against officials at WICC, and it does not appear possible for him to have done so in the two months between his arrival at WICC and the filing of this action.[6]

This action is accordingly dismissed pursuant to 28 U.S.C. § 1915A, and this dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). If Juresic believes the court has misunderstood the facts alleged in the complaint, and that the true facts would change the court's conclusions, he may file a motion to reconsider within thirty days of the date of this order, explaining how he believes the court has misunderstood the complaint. If no such motion is received, the court's judgment will become final on the next court day.

IT IS SO ORDERED.

Marvin E. Aspen, Chief Judge
United States District Court

DATED: 6/29/01

---

[6] Juresic has attached to the complaint copies of grievances he filed in 2000 and 2001 while incarcerated at Shawnee Correctional Center regarding both his tumor and denial of Depo-Provera, and a copy of the final denial of the former grievance by IDOC's Administrative Review Board on February 5, 2001. No official at Shawnee is named as a defendant in this action. Further, this district would not be an appropriate venue for a suit arising from occurrences at Shawnee Correctional Center, or at WICC for that matter. Neither institution is located in this district and it is virtually certain that no potential defendant working at either institution resides in this district. *See* 28 U.S.C. § 1391(b).

7